Zane D. Wilson, #9111108
Cook Schuhmann & Groseclose, Inc.
714 Fourth Avenue, Suite 200
Fairbanks, AK 99701
(907) 452-1855
(907) 452-8154 fax
zane@alaskalaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

RUSSELL P. BARTLETT, )
)
                Plaintiff, )
)
v. )
)
LUIS A. NIEVES, in his personal )
capacity and BRYCE L. WEIGHT, )
in his personal capacity, )
)
                Defendants, )
_____)
Case No. 4:15-cv-4 SLG

**FIRST AMENDED COMPLAINT**

Russell P. Bartlett (Bartlett) for his cause of action against the defendants hereby complains and alleges as follows:

**I. GENERAL ALLEGATIONS**

1. On March 13, 2014, Bartlett was attending the Arctic Man event, specifically a lawful gathering in the parking lot of said event.

2. Bartlett was accompanied by a minor who was attending and observing the event, but was not drinking any alcohol.

3. Bartlett observed the minor come into contact with Bryce L. Weight (Weight) who was acting in his official capacity as an Alaska State Trooper.

4. In a non-confrontational manner Bartlett advised Weight of his belief that Weight should not be interviewing the minor without the minor's lawful guardian present.

5. Without provocation and without cause Weight proceeded to assault Bartlett by shoving him in the chest and attacking and arresting him.

6. Luis A. Nieves (Nieves), also acting in his capacity as an Alaska State Trooper, also proceeded to assault and arrest Bartlett for no lawful reason.

7. The events related to Bartlett's arrest were witnessed and videotaped by a news crew[1] and the videotape of Bartlett's arrest was subsequently broadcast on the Anchorage news.

8. Nieves and Weight knew that they had no lawful basis to assault and arrest Bartlett so they drafted up a fabricated police report[2] falsely claiming that Bartlett had placed them in fear of an assault, claiming that Bartlett came at Weight after being shoved away from him, that Bartlett tried to head butt Nieves and swung his fist at Nieves.

9. The above allegations by Weight and Nieves are demonstrably false and inaccurate.

10. The conduct of Nieves and Weight was and is in violation of standard trooper policy regarding when it is appropriate to initiate physical contact with an alleged defendant. Nieves and Weight further violated trooper policy by failing to audio record the events at issue and/or have destroyed the audio tape of the events.

11. Nieves and Weight knowingly and intentionally failed to gather and preserve the evidence documenting their encounter with Bartlett. Bartlett fortuitously and coincidentally discovered the video of his encounter with Nieves and Weight when it was posted on YouTube.

---

[1] Exhibit A.
[2] Exhibit B.

First Amended Complaint
Bartlett v Nieves and Weight
Page 2 of 5

12. Weight and Nieves pressed false charges against Bartlett[3] and Bartlett incurred costs and attorney fees in defending against those false charges until the charges were finally dismissed by the District Attorney.[4]

13. The actions of the defendants as described above were not motivated by a purpose to serve the State but were willful, intentional, reckless, and/or made with gross negligence and malice against Bartlett and were initially motivated by an effort to "grand stand" before the TV audience.

14. As a result of the defendants actions Bartlett was incarcerated, searched, subjected to public ridicule, and had to defend himself against false charges, which charges were ultimately and belatedly dismissed by the District Attorney.

15. The actions of the defendants constitute a false arrest and imprisonment of Bartlett when the defendants knew or should have known that said arrest and incarceration was absolutely without merit.

16. The defendants intended and caused false criminal charges to be filed and pursued against Bartlett. Said charges have been dismissed because Bartlett was not guilty of the charges the defendants advanced against him.

17. The defendants intentionally assaulted Bartlett without cause or justification.

18. The defendants' actions were intended to and did in fact cause Bartlett to be subjected to false imprisonment.

19. The actions of the defendants were initially motivated by their desire to grandstand before the TV camera and to quash Bartlett's lawful exercise of his right of free speech. The actions of the defendants were intended to and did cause Bartlett to be cast in a false light, subjecting him to public disdain and ridicule.

---

[3] Exhibit C.
[4] Exhibit D.

20. The actions of the defendants were intentional and reckless to the rights of Bartlett. Further, the actions of the defendants were not intended or designed to in any way benefit their employer, the State of Alaska, and were malicious and corrupt supporting an award of punitive damages against the defendants.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983

21. Bartlett repeats all prior allegations as fully set forth herein.

22. No reasonable police officer would have believed that the acts undertaken by the defendants were appropriate under the facts of this case.

23. Acting under color of law, the defendants violated Bartlett's federal and state constitutional rights as referenced above to include his right to be free from unlawful assault by a police officer, to be free from a malicious criminal prosecution, to not be falsely incarcerated, unreasonable search and seizure, freedom of speech, equal protection of the law and his right to due process.

24. As a result of the defendants' actions, Bartlett has suffered damages to include – mental distress, damage to reputation, attorney fees, loss of freedom and violation of constitutional rights.

25. The defendants' actions violated 42 U.S.C § 1983

## COUNT II
## VIOLATION OF 42 U.S.C. § 1985

26. Bartlett repeats all prior allegations as fully set forth herein.

27. The defendants conspired to deprive Bartlett of the due course of justice with intent to deny him equal protection of the law and/or to injure him for attempting to protect the lawful/constitutional rights of another.

28. The defendants' actions violated 42 U.S.C § 1985.

First Amended Complaint
Bartlett v Nieves and Weight
Page 4 of 5
Case 4:15-cv-00004-SLG   Document 20   Filed 07/30/15   Page 4 of 5

WHEREFORE Bartlett prays for the following relief:

1.  For judgment to enter against the defendants, in their personal capacity, in an amount reasonably believed to be in excess of $100,000 the precise amount to be proven at trial.

2.  For an award of actual costs and attorney fees and interest to the fullest extent allowed under the law.

3.  For such other and further relief as the court deems fair and equitable under the circumstances.

DATED this 30th day of July 2015.

/s/ Zane D. Wilson
714 Fourth Avenue, Suite 200
Fairbanks, Ak 99701
Phone: (907) 452-1855
Fax: (907) 452-8154
Email: zane@alaskalaw.com
Attorney Bar #9111108

**CERTIFICATE OF SERVICE**
This is to certify that on this 30th day of July 2015, a true and correct copy of the foregoing was served electronically on:

Stephanie Galbraith Moore
Department of Law
Attorney General's Office
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501

By: /s/ Zane D. Wilson
CSG, Inc.

First Amended Complaint
Bartlett v Nieves and Weight
Page 5 of 5
Case 4:15-cv-00004-SLG   Document 20   Filed 07/30/15   Page 5 of 5