# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RUSSELL P. BARTLETT,<br><br>    Plaintiff,<br><br>  v.<br><br>LUIS A. NIEVES, in his personal capacity and BRYCE L. WEIGHT, in his personal capacity,<br><br>    Defendants. | Case No. 4:15-cv-00004-SLG |

## ORDER RE PLAINTIFF'S MOTION TO STAY JUDGMENT, OPEN DISCOVERY AND ALLOW SUPPLEMENTAL BRIEFING ON RETALIATORY ARRESTS

Before the Court at Docket 104 is Plaintiff Russell P. Bartlett's Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests. Defendants Luis A. Nieves and Bryce L. Weight responded in opposition at Docket 107. Mr. Bartlett replied at Docket 108. Oral argument was not requested and was not necessary to the Court's decision.

Mr. Bartlett's case is on remand to this Court from the Ninth Circuit.[1] After the Supreme Court rendered its opinion in this case,[2] the Ninth Circuit issued its mandate on June 20, 2019[3]. Consistent with that mandate, this Court issued a

---

[1] Docket 100.

[2] *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

[3] Docket 101.

notice of intent to reinstate the judgment on June 28, 2019.[4] In response to the notice of intent, Mr. Bartlett filed the pending motion.

## DISCUSSION

The Ninth Circuit remanded to this Court "for further proceedings consistent with the Supreme Court's opinion."[5] In its ruling, the Supreme Court found that "Bartlett's retaliation claim cannot survive summary judgment."[6] This Court is bound by the Supreme Court's holding and denies Mr. Bartlett's motion on this basis.

Moreover, even if this Court were not bound by the Supreme Court's ruling, Mr. Bartlett has failed to show that he was diligent in pursuing the discovery he now seeks and has not demonstrated that good cause exists to reopen discovery and allow supplemental briefing on the issue of retaliatory arrest.

Mr. Bartlett brought this action on March 2, 2015.[7] Fact discovery closed on January 15, 2016.[8] Both parties moved for summary judgment prior to the March 29, 2016 deadline for dispositive motions.[9] Mr. Bartlett now asks this Court to

---

[4] Docket 102.

[5] *Bartlett v. Nieves*, 926 F.3d 1179, 1180 (9th Cir. 2019); Docket 100.

[6] *Nieves*, 139 S. Ct. at 1727.

[7] Docket 1.

[8] Docket 14 at 3.

[9] Docket 38, 46, and 60.

Case No. 4:15-cv-00004-SLG, *Bartlett v. Nieves et al.*
Order re Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests
Page 2 of 6

reopen fact discovery and permit supplemental briefing on summary judgment issues more than three years later.

The Court evaluates Mr. Bartlett's request under Fed. R. Civ. P. 16(b) governing modifications to the Court's pretrial schedule. Under Fed. R. Civ. P. 16(b), the Court's pretrial scheduling order can only be modified to reopen discovery "for good cause."[10] The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[11] The Court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"[12] While "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . [and] if that party is not diligent, the inquiry should end."[13]

Mr. Bartlett must show that he diligently sought this discovery when discovery was open in 2015. Although Mr. Bartlett had ample reason and opportunity to then seek the discovery he now requests, he failed to do so. *Ford v. City of Yakima* governed the issue of retaliatory arrests in this Circuit at the time

---

[10] Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir 1992).

[11] *Mammoth Recreations, Inc.*, 975 F.2d at 609.

[12] *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes to 1983 amendment).

[13] *Id.*

Case No. 4:15-cv-00004-SLG*, Bartlett v. Nieves et al.*
Order re Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests
Page 3 of 6

the parties were engaged in discovery.[14] Under *Ford*, Mr. Bartlett needed to show that "the officers' desire to chill his speech was a but-for cause" of his arrest.[15] The evidence that Mr. Bartlett now seeks—"evidence that he was arrested when otherwise similarly situated individuals not engaged in protected speech had not been"[16]—was pertinent to causation under *Ford*.[17] Mr. Bartlett does not dispute that the requested evidence was relevant under *Ford* nor does he contend that he diligently sought to obtain such evidence during the discovery period.

Instead, Mr. Bartlett asserts that because the Supreme Court created a "new exception to the legal framework for arrests retaliating against the exercise of free speech rights," he "should have an opportunity to address this exception."[18]

---

[14] 706 F.3d 1188 (9th Cir. 2013). Admittedly, this Court did not evaluate Mr. Bartlett's retaliatory arrest claim under *Ford*; accordingly, its grant of summary judgment for the troopers was reversed. *See Bartlett v. Nieves*, 712 Fed. Appx. 613, 616 (9th Cir. 2017). Nevertheless, the Court did not rule on summary judgment until after discovery closed and its holding did not preclude Mr. Bartlett from pursuing evidence relevant under *Ford* during discovery.

[15] *Id.* at 1193.

[16] Docket 104 at 2.

[17] *See, e.g.*, *Morse v. S. F. Bay Area Rapid Transit Dist.*, No. 12-cv-5289-JSC, 2014 WL 572352, at *29 (N.D. Cal. Feb. 11, 2014) ("The nature of Plaintiff's arrest reasonably suggests a retaliatory motive. It is undisputed that although a dozen or so other journalists were also detained in the protest group . . . every journalist except Plaintiff was released without even a citation."); *Mam v. City of Fullerton*, No. 11-cv-1242-JST, 2013 WL 951401, at *5–6 (C.D. Cal. Mar. 12, 2013) ("[T]he only difference between Mam and those near him was the cell phone being used to record . . . a rational trier of fact could conclude that Hampton's seizure of Mam, though supported by probable cause, was motivated by Mam's videotaping.").

[18] Docket 108 at 2.

Case No. 4:15-cv-00004-SLG, *Bartlett v. Nieves et al.*
Order re Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests
Page 4 of 6

However, the "new exception" that the Supreme Court held at best puts Mr. Bartlett in the situation he was in during discovery when *Ford* was in effect: his claim might not be barred by law and the issue of causation would go to a trier of fact. As the Ninth Circuit held in this case, under *Ford*, Mr. Bartlett could have proceeded with his claim of retaliatory arrest with the question of causation "determined by a trier of fact" even when the officers had probable cause for the arrest.[19] Since then, the Supreme Court has adopted a "no-probable-cause rule," concluding that "[a]bsent such a showing, a retaliatory arrest claim fails."[20] The Supreme Court recognized "a narrow qualification . . . for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so."[21] After "making the required showing [for the exception], the plaintiff's claim may proceed in *the same manner as claims where the plaintiff has met the threshold showing of the absence of probable cause*,"[22] i.e., if he met the exception, Mr. Bartlett could proceed as he would have under *Ford*.

---

[19] Docket 93 at 4–6; *Bartlett v. Nieves*, 712 Fed. Appx. 613, 616 (9th Cir. 2017) (quoting *Ford*, 706 F.3d at 1194).

[20] *Nieves*, 139 S.Ct. at 1725.

[21] *Id.* at 1727.

[22] *Id.* (emphasis added).

Case No. 4:15-cv-00004-SLG, *Bartlett v. Nieves et al.*
Order re Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests
Page 5 of 6

Thus, the Supreme Court's decision does not provide Mr. Bartlett a new avenue for pursing his retaliatory arrest claim. For this additional reason, the Court denies Mr. Bartlett's motion.

**CONCLUSION**

In light of the foregoing, Plaintiff's Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests at Docket 104 is DENIED.

The Clerk of Court is directed to reinstate the final judgment accordingly.

DATED this 2nd day of October, 2019 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:15-cv-00004-SLG, *Bartlett v. Nieves et al.*
Order re Motion to Stay Judgment, Open Discovery and Allow Supplemental Briefing on Retaliatory Arrests
Page 6 of 6